IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL LAWRENCE LOMBARDO, : <br> : <br> Plaintiff, : <br> v. : <br> : <br> CHRISTOPHER BRYAN LEONARD : <br> : <br> and : <br> : <br> IMS TECHNOLOGY SERVICES, INC., : <br> : <br> Defendants. : | CIVIL No. 2:24-cv-01711-KBH <br><br> Honorable Kelley Brisbon Hodge |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT IMS TECHNOLOGY SERVICES, INC.'S MOTION TO DISMISS**

On April 29, 2024, Plaintiff Michael Lawrence Lombardo ("Plaintiff") filed this lawsuit alleging defamation *per se* (Count I), defamation (Count II), defamation by implication (Count III), false light (Count IV), commercial disparagement (Count V), tortious interference with performance of contracts (Count VI), and tortious interference with prospective contractual relations (Count VII), against Defendant Christopher Bryan Leonard ("Leonard") and alleging solely "respondeat superior" ("Count VIII) against Defendant IMS Technology Services, Inc. ("IMS"). *See* ECF 1 ("Compl."). Plaintiff's claims must be dismissed pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim because Plaintiff has failed to allege a cognizable claim against IMS. There is no independent cause of action for responeat superior in Pennsylvania. For these reasons as set forth more fully below, Plaintiff's Complaint should be dismissed in its entirety as to IMS with prejudice.

**I.      PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges "IMS is liable for all common torts that its employees commit in the scope of their employment." Compl. ¶ 90. Plaintiff has made clear that Count VIII – Respondent Superior is the only claim against IMS and he seeks damages against IMS only as to Count VIII. *See id.*

**II.     ARGUMENT**

    **A.      Plaintiff Failed to State a Claim for Which Relief Can Be Granted**

        **1. Standard of Review**

A complaint must be dismissed pursuant to Rule 12(b)(6) if it lacks sufficient factual matter—accepted as true and construed in a light most favorable to the plaintiff—to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (applying *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

To make this plausibility determination, the Court must engage in a two-part analysis: first, the Court must first separate the factual and legal elements of a claim. *Id.* (applying *Iqbal*, 556 U.S. at 678). While accepting all of the complaint's well-pleaded facts as true, the Court is free to disregard any legal conclusions. *Id.* Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. *Id.* at 211. To make a plausible claim, in turn, it is not enough to merely allege the plaintiff's entitlement to relief: the plaintiff must *show* such entitlement with its facts. *Id.* Indeed, as the United States Supreme Court has established, "[t]hreadbare recitals of the elements of cause of action, supported by mere conclusory statements, do not suffice." *See, e.g.*, *Hundley v. Wawa, Inc.*, No. CV 21-0627, 2021 WL 2555440, at *5 (E.D. Pa. June 22, 2021) (Baylson, J.) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### 2. No Independent Cause of Action for Respondeat Superior

There is no separate cause of action for respondeat superior liability. *Short v. Pfizer Inc.*, 2023 WL 3919536 at *5 (E.D. Pa. June 8, 2023). "[R]espondeat superior remains what it has always been: a means of imputing liability to an employer for the actions of its agents, servants, or employees." *Id*. (quoting *Care v. Reading Hosp. & Med. Ctr.*, No. CIV.A.2003CV04121, 2004 WL 728532, at *13 (E.D. Pa. Mar. 31, 2004); *see also Booker v. Nat'l R.R. Passenger Corp.*, 880 F. Supp. 2d 575, 586 (E.D. Pa. 2012) (finding no independent cause of action for respondeat superior under Pennsylvania law). Since the only claim against IMS is for respondeat superior, IMS should be dismissed from this lawsuit with prejudice.

### III. CONCLUSION

For the reasons set forth above, Defendant IMS Technology Services, Inc. respectfully requests that this Honorable Court dismiss Plaintiff's Complaint as to IMS with prejudice.

Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

By: */s/ Alexander Nemiroff*

Alexander Nemiroff (PA ID. #92250)
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, PA 19103
Telephone:   (267) 602-2040
Facsimile:    (215) 253-5017
Attorney for Defendant IMS Technology Services, Inc.

- 4 -

## CERTIFICATE OF SERVICE

I certify that on this 28th day of May 2024, Defendant IMS Technology Services, Inc.'s Motion to Dismiss, supporting brief, and proposed Order were electronically filed and are available for viewing and downloading from the ECF system. In addition, a copy was mailed and emailed to Plaintiff at the following address:

> Michael Lawrence Lombardo
> 45 Laurel Trail
> Monroe, New York 10950
> iamthemichaellawrence@gmail.com

Dated: May 28, 2024

*/s/ Alexander Nemiroff*
Alexander Nemiroff (PA ID. #92250)

## MEET & CONFER CERTIFICATION

I certify that on May 20, 2024, undersigned counsel spoke with Plaintiff regarding this motion to dismiss, but the efforts to meet and confer were unsuccessful and the parties were unable to reach a resolution.

Dated: May 28, 2024

*/s/ Alexander Nemiroff*
Alexander Nemiroff (PA ID. #92250)