ALEXANDER NEMIROFF
ANEMIROFF@GRSM.COM
DIRECT DIAL: (267) 602-2040



ATTORNEYS AT LAW
THREE LOGAN SQUARE
1717 ARCH STREET, SUITE 610
PHILADELPHIA, PA 19103
WWW.GORDONREES.COM

March 5, 2025

**VIA ECF**

The Honorable Kelly Brisbane Hodge
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

   *Re:* **Michael Lombardo v. Christopher Leonard, et al.**
      **Dkt. No. 2:24-cv-01711-KBH**

Dear Judge Hodge:

  As you are aware, the undersigned represents Defendant IMS Technology Services, Inc. ("IMS") in the above-referenced matter. By way of Order dated February 13, 2025 (Doc. No. 25), this Court required Plaintiff to (1) provide a description of which portions of the submitted filings to date were drafted by Plaintiff and which were drafted by or with the assistance of an attorney; and (2) identify the extent of any legal assistance received by Plaintiff to date. While Plaintiff submitted a response to the Court's Order on February 19, 2025, Plaintiff's submission failed to adequately satisfy the issues raised in the Court's February 13, 2025 Order.

  As a preliminary matter, while Plaintiff states in his February 19, 2025 submission that "the account is [his] to give," and that he has given it by "drafting all of the factual and informational components of this action [himself]," the numerous filings submitted by Plaintiff thus far include far more than just "factual and informational components." Indeed, Plaintiff's responses in opposition to both Defendant IMS and Defendant Christopher Leonard's respective motions to dismiss contain countless legal arguments and legal citations, including (but not limited to) a comprehensive standard of review section and extensive case law allegedly supporting Plaintiff's defamation claims, commercial disparagement and tortious interference claims, and his claims of vicarious liability. In addition, in Plaintiff's conclusion to his opposition to the foregoing motions to dismiss, Plaintiff suggests that the Court alternatively grant him leave to amend his claims, once again citing factors espoused by a number of federal courts and the Federal Rules of Civil Procedure. All told, Plaintiff's opposition was nineteen (19) total pages, with only approximately six of those nineteen pages devoted to the "factual and informational components" of Plaintiff's claims.

March 4, 2025
Page 2

Plaintiff admitted that attorney Alan Pierce's firm (Hancock Estabrook) "advised [him] on the procedures and processes of civil litigation, including filing the Complaint and related documents," "directed [him] to a number of publicly available resources including documentation and guidance on the Court's website," and "conducted legal research into relevant case law." Plaintiff likewise acknowledged that "[t]he specific language and case law supporting the causes of action and subsequent motions to dismiss are the primary areas in which [he] relied most heavily upon the guidance and knowledge of Mr. Pierce and his firm," with Plaintiff admitting that while he knew the facts and events of what happened in the case, he "required legal assistance translating that into a properly structured complaint for consideration by the Court."

Despite all of the foregoing, Plaintiff's February 19, 2025 submission inarguably fails to describe with any level of specificity **which portions of the Complaint or his opposition to the pending motions to dismiss were drafted by or with the assistance of counsel**, as he was required to do by way of the Court's February 13, 2025 Order. On one hand, Plaintiff summarily claimed that "[t]o the extent that Hancock provided review, comment and suggested edits or revisions to the draft filing, they made it clear to [him] that this was [his] legal action to pursue in the manner he best saw fit," and would therefore have final say. In the very next paragraph, however, Plaintiff referred to his dealings with Hancock and Mr. Pierce as a "collaboration."

Plaintiff cannot have it both ways. The Court's Order made it abundantly clear that Plaintiff had to specifically identify which portions of the Complaint he drafted (without the assistance of counsel) and which portions of his opposition to Defendants' motions to dismiss he drafted (without the assistance of counsel). And in the event that there was some level of assistance by counsel, Plaintiff had to identify the extent of that assistance—offering more than summary statements that Hancock and/or Mr. Pierce generally provided him "guidance," comments," and "suggested edits or revisions." The mere fact that Plaintiff is now formally represented by counsel does not relieve him of the obligation to sufficiently respond to the Court's February 13, 2025 Order.

For these reasons, we believe that Plaintiff's February 19, 2025 response is deficient, and Plaintiff should be ordered to update his response to provide the level of specificity required by the Court's February 13, 2025 Order.

The Court's courtesy and cooperation is most appreciated.

Very truly yours,

**GORDON REES SCULLY MANSUKHANI, LLP**

/s/ Alexander Nemiroff
ALEXANDER NEMIROFF

cc:   All counsel of record via ECF