IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL LAWRENCE LOMBARDO, | : CIVIL ACTION |
| Plaintiff, | : No. 2:24-cv-01711-KBH |
| v. | : |
| CHRISTOPHER BRYAN LEONARD, | : |
| Defendant. | : |

**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Christopher Bryan Leonard ("Defendant"), by and through his undersigned counsel, Kaufman Dolowich LLP, hereby answers Plaintiff's Second Amended Complaint, and in support avers as follows:

I. Introduction

Defendant denies the allegations in this introductory paragraph of the Second Amended Complaint. Specifically, Defendant denies that Plaintiff is asserting claims of false light, commercial disparagement, and seeking an injunction. Defendant further denies that Plaintiff is entitled to any damages.

II. Alleged Parties

1. Admitted, upon information and belief.

2. Admitted in part and denied in part. It is admitted that Defendant is a "resident of the Pennsylvania and at all times relevant to this Complaint was employed by IMS Technology Services, Inc. ("IMS")." It is denied that Defendant was the Director of Audio.

### III.    Alleged Jurisdiction and Venue

3.      The allegations in this paragraph of the Second Amended Complaint constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

4.      The allegation in this paragraph of the Second Amended Complaint constitutes a conclusion of law, to which no response is required. To the extent a response is deemed required, the allegation is denied.

### IV.    Alleged Factual Background

5.      Admitted in part and denied in part. It is admitted that "Plaintiff is an audio engineer who specialized in sound system design." After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Second Amended Complaint, which are therefore denied.

6.      It is admitted, upon information and belief that "Plaintiff serves as the technical editor for ProSoundWeb.com. . . . and for the trade magazine *Live Sound International*." After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the meaning of "widely read;" therefore, the allegation that "*Live Sound International* [is] a widely read publication for live sound engineers" is denied.

7.      Admitted in part and denied in part. It is admitted that "[i]n October 2018, Plaintiff created an audio engineering podcast called *Signal to Noise,* published via the ProSoundWeb platform. Within five years, the Signal to Noise podcast had grown to over 20,000 downloads per month and over half a million lifetime downloads. . . .The Discord community served as a community hub for audio engineers to network, build connections, and exchange knowledge." It

is denied as stated that Plaintiff created "the active Facebook page and Discord communities with thousands of members."

8. Admitted in part and denied in part. It is admitted that "Hannah Goodine ('Goodine') became a member of the *Signal to Noise* community after meeting Plaintiff at an Audio Engineering Society trade show in 2018. She is an active participant in the Discord group and started her own spinoff group to study audio engineering texts." The remaining allegation in this paragraph of the Second Amended Complaint refers to a document, the terms of which speak for themselves. Defendant denies the allegation to the extent it mischaracterizes or contradicts the language of the document referenced therein.

9. Admitted.

10. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Second Amended Complaint, which are therefore denied.

11. Admitted, upon information and belief.

12. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Second Amended Complaint, which are therefore denied.

13. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Second Amended Complaint, which are therefore denied.

14. Admitted in part and denied in part. It is admitted that "Defendant and Goodine are friends, having met through their joint membership in the *Signal to Noise* community. Moreover, their employers, IMS and Rational Acoustics, do business with each other, and Defendant has

visited Rational Acoustics' office for training sessions." After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the meaning of "[t]hus, Defendant's and Goodine's paths cross on many levels;" therefore, the allegation is denied.

15.     Admitted in part and denied in part. It is admitted that "Defendant attended InfoComm 2023, one of the largest industry trade events, hosted in Orlando, Florida on June 10–16, 2023. Defendant's attendance at this event was part of his professional role. . . .for IMS, which paid for his trade show badge admission, transportation, and lodging," and that "Plaintiff did not attend the trade show." It is denied that Defendant's role for IMS is "Director of Audio." After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding the reason Plaintiff did not attend the trade show, which is therefore denied.

16.     Denied.

17.     The allegations in this paragraph of the Second Amended Complaint that "Defendant did not offer any substantiation or evidence for his outrageous claims, but these false statements regarding Plaintiff became widely disseminated very quickly, raging through the very tight-knit audio community. The damage to the Plaintiff's reputation happened just as fast and was equally devastating," constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Second Amended Complaint regarding "prospective gigs that Plaintiff lost in the weeks after InfoComm," which are therefore denied. Defendant further denies that he "wrought" any "wide-spread damage."

18. Admitted in part and denied in part. It is admitted only that Defendant and Kyle Chirnside met with Keith Clark. The remaining allegations in this paragraph of the Second Amended Complaint are denied.

19. Defendant denies the allegation that "Mr. Clark. . . . asked Defendant multiple times to provide any evidence or substantiation to his claims." The allegations that "[f]ollowing a two-month investigation, ProSoundWeb concluded that the allegations made by Defendant against Plaintiff were not only false, but maliciously fabricated, and in some cases directly contradicted by the evidence and testimony obtained by ProSoundWeb," constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Second Amended Complaint, which are therefore denied.

20. Denied.

21. Denied.

22. Admitted in part and denied in part. It is admitted only that "InfoComm 2023 ended on June 16, 2023." Defendant denies the allegations in this paragraph of the Second Amended Complaint that "Defendant said what he said about Plaintiff at InfoComm and to ProSoundWeb for only one reason: to destroy the Plaintiff's professional reputation. And Defendant did what he set out to do in spades." After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Second Amended Complaint, which are therefore denied.

23. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Second Amended Complaint, which are therefore denied.

24. Admitted in part and denied in part. It is admitted that "Rational Acoustics ended its relationship with Plaintiff." Defendant denies engaging in a "campaign against" Plaintiff. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Second Amended Complaint, which are therefore denied.

25. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Second Amended Complaint, which are therefore denied. Defendant further denies the allegations in this paragraph of the Complaint to the extent that they mischaracterize or contradict the email referenced therein.

26. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Second Amended Complaint, which are therefore denied. By way of further response, Defendant denies the allegations in this paragraph of the Complaint to the extent that they mischaracterize or contradict the language of any document referenced therein. Defendant further denies engaging in a "campaign to discredit the Plaintiff."

27. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Second Amended Complaint, which are therefore denied. By way of further response, Defendant denies the allegations in this paragraph of the Complaint to the extent that they mischaracterize or contradict the language of any documents referenced therein. Defendant further denies engaging in an

"offensive against the Plaintiff's reputation," causing "all of the Plaintiff's opportunities with Meyer Sound" to have "disappeared."

28. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Second Amended Complaint, which are therefore denied.

29. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Second Amended Complaint, which are therefore denied. By way of further response, Defendant denies the allegations in this paragraph of the Complaint to the extent that they mischaracterize or contradict the language of any medical records referenced therein. Defendant further denies causing Plaintiff any "reputational damage."

30. Admitted in part and denied in part. It is admitted only that "Adelman Law Group, PLLC sent a letter to Defendant on behalf of Plaintiff." The remaining allegations in this paragraph of the Second Amended Complaint refer to a document, the terms of which speak for themselves. Defendant denies the allegations in this paragraph of the Second Amended Complaint to the extent that they mischaracterize or contradict the language of the document referenced therein.

31. Admitted in part and denied in part. It is admitted only that "Plaintiff contacted the Human Resources department at IMS and spoke with HR manager, Tracy O'Connor." After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Second Amended Complaint, which are therefore denied.

32. Admitted in part and denied in part. It is admitted only that "Plaintiff sent demand letters to Defendant and to IMS." The remaining allegations in this paragraph of the Second

Amended Complaint refer to documents, the terms of which speak for themselves. Defendant denies the allegations in this paragraph of the Second Amended Complaint to the extent that they mischaracterize or contradict the language of the documents referenced therein.

33. Admitted in part and denied in part. It is admitted only that "IMS responded in a letter." After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Second Amended Complaint, which are therefore denied. By way of further response, the allegations in this paragraph of the Second Amended Complaint refer to a document, the terms of which speak for themselves. Defendant denies the allegations in this paragraph of the Second Amended Complaint to the extent that they mischaracterize or contradict the language of the document referenced therein.

## COUNT I – ALLEGED DEFAMATION *PER SE*

34. This is an incorporation paragraph, to which no response is required. To the extent a response is deemed required, Defendant incorporates by reference his responses in Paragraphs 1 – 33 of this Answer above, as though fully set forth herein.

35. The allegations in this paragraph of the Second Amended Complaint constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

36. The allegation in this paragraph of the Second Amended Complaint constitutes a conclusion of law, to which no response is required. To the extent a response is deemed required, the allegation is denied.

37. The allegation in this paragraph of the Second Amended Complaint constitutes a conclusion of law, to which no response is required. To the extent a response is deemed required, the allegation is denied.

38. The allegation in this paragraph of the Second Amended Complaint constitutes a conclusion of law, to which no response is required. To the extent a response is deemed required, the allegation is denied.

39. The allegation in this paragraph of the Second Amended Complaint constitutes a conclusion of law, to which no response is required. To the extent a response is deemed required, the allegation is denied.

40. The allegations in this paragraph of the Second Amended Complaint constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

41. The allegations in this paragraph of the Second Amended Complaint constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

42. The allegations in this paragraph of the Second Amended Complaint constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

**WHEREFORE**, Defendant demands judgment in his favor and against Plaintiff.

## COUNT II – ALLEGED DEFAMATION

43. This is an incorporation paragraph, to which no response is required. To the extent a response is deemed required, Defendant incorporates by reference his responses in Paragraphs 1 – 42 of this Answer above, as though fully set forth herein.

44. The allegations in this paragraph of the Second Amended Complaint constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

45. The allegations in this paragraph of the Second Amended Complaint constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

46. The allegation in this paragraph of the Second Amended Complaint constitutes a conclusion of law, to which no response is required. To the extent a response is deemed required, the allegation is denied.

47. The allegation in this paragraph of the Second Amended Complaint constitutes a conclusion of law, to which no response is required. To the extent a response is deemed required, the allegation is denied.

48. The allegation in this paragraph of the Second Amended Complaint constitutes a conclusion of law, to which no response is required. To the extent a response is deemed required, the allegation is denied.

49. The allegations in this paragraph of the Second Amended Complaint constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

50. The allegations in this paragraph of the Second Amended Complaint constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

51. The allegation in this paragraph of the Second Amended Complaint constitutes a conclusion of law, to which no response is required. To the extent a response is deemed required, the allegation is denied.

**WHEREFORE**, Defendant demands judgment in his favor and against Plaintiff.

### COUNT III – ALLEGED TORTIOUS INTERFERENCE WITH ACTUAL OR PROSPECTIVE CONTRACTUAL RELATIONS

52. This is an incorporation paragraph, to which no response is required. To the extent a response is deemed required, Defendant incorporates by reference his responses in Paragraphs 1 – 51 of this Answer above, as though fully set forth herein.

53. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Second Amended Complaint, which are therefore denied.

54. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Second Amended Complaint, which are therefore denied.

55. Denied.

56. The allegation in this paragraph of the Second Amended Complaint refers to an audio recording, the contents of which speak for themselves. Defendant denies the allegation to the extent it mischaracterizes or contradicts the language of the audio recording referenced therein.

57. Admitted, upon belief and information.

58. The allegation in this paragraph of the Second Amended Complaint that the audio recording link in this paragraph contains "an interview between Plaintiff, Defendant, and Jamie Anderson, the President Rational Acoustics, in which they discussed Plaintiff's work," refers to an

audio recording, the contents of which speak for themselves. Defendant denies the allegation to the extent it mischaracterizes or contradicts the language of the audio recording referenced therein.

59. The allegations in this paragraph of the Second Amended Complaint refer to an audio recording, the contents of which speak for themselves. Defendant denies the allegations to the extent they mischaracterize or contradict the language of the audio recording referenced therein.

60. The allegation in this paragraph of the Second Amended Complaint refers to an audio recording, the contents of which speak for themselves. Defendant denies the allegation to the extent it mischaracterizes or contradicts the language of the audio recording referenced therein.

61. The allegations in this paragraph of the Second Amended Complaint refer to an audio recording, the contents of which speak for themselves. Defendant denies the allegations to the extent they mischaracterize or contradict the language of the audio recording referenced therein.

62. The allegation in this paragraph of the Second Amended Complaint that the audio recording link in this paragraph contains "an interview between Plaintiff, Defendant Leonard, and ….Jamie Anderson, Chris Tsanjoures and Hannah Goodine," refers to an audio recording, the contents of which speak for themselves. Defendant denies the allegation to the extent it mischaracterizes or contradicts the language of the audio recording referenced therein.

63. The allegations in this paragraph of the Second Amended Complaint refer to an audio recording, the contents of which speak for themselves. Defendant denies the allegations to the extent they mischaracterize or contradict the language of the audio recording referenced therein.

64. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the meaning of "similar details about the nature of Plaintiff's work with Ghost;" therefore the allegations in this paragraph of the Second Amended Complaint are denied. By way of further response, the allegations in this paragraph of the Second Amended Complaint refer to a written document, the terms of which speak for themselves. Defendant denies the allegations to the extent they mischaracterize or contradict the language of the document referenced therein.

65. The allegation in this paragraph of the Second Amended Complaint refers to a document, the terms of which speak for themselves. Defendant denies the allegation to the extent it mischaracterizes or contradicts the language of the document referenced therein.

66. Defendant denies the allegations in this paragraph of the Complaint both factually, and as conclusions of law.

67. The allegation in this paragraph of the Second Amended Complaint constitutes a conclusion of law, to which no response is required. To the extent a response is deemed required, the allegation is denied.

**WHEREFORE**, Defendant demands judgment in his favor and against Plaintiff.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant states the following affirmative defenses:

1. Plaintiff's Second Amended Complaint as a whole, and each count individually, fails to state a claim upon which relief can be granted.

2. Defendant's alleged statements are incapable of defamatory meaning.

3. Defendant had no knowledge of Plaintiff's alleged contractual and prospective contractual relations.

4. To the extent Defendant made any statements about Plaintiff, they were matters of opinion, or in the alternative, true statements.

5. Defendant did not make any statements about Plaintiff that imputed serious sexual misconduct to Plaintiff.

6. Any contractual or prospective contractual relationships Plaintiff lost were not the result of any actions or inactions on the part of Defendant.

7. If Plaintiff suffered any damages or losses, which Defendant specifically denies, such damages or losses were not proximately caused by any unlawful acts or omissions of Defendant, but were caused in whole or in part by Plaintiff's own acts, omissions, or conduct, or by the acts, omissions, or conduct of third parties other than that of Defendant about which Defendant had no prior knowledge and for whom he is not legally responsible.

8. The Second Amended Complaint as a whole, and each count individually, fails to state a claim for compensatory, punitive or other damages, nor is Plaintiff entitled to any damages or relief under the governing law or the facts herein.

9. Defendant reserves the right to assert additional defenses and/or supplement, alter, and change his Answer to Plaintiff's Second Amended Complaint upon the revelation of more definite facts by the various parties to this suit and third-party witnesses.

**WHEREFORE,** Defendant demands judgment in his favor and against Plaintiff.

                                   **KAUFMAN DOLOWICH LLP**

                                   */s/   Gregory S. Hyman*
                                   Gregory S. Hyman, Esq.
                                   Jennifer L. Prior, Esq.
                                   One Liberty Place
                                   1650 Market Street, Suite 4800
                                   Philadelphia, PA 19103
                                   T: (484) 841-7106
                                   ghyman@kaufmandolowich.com
                                   jprior@kaufmandolowich.com
                                   *Counsel for Defendant*

Dated: April 23, 2025